1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN SPRINGS,<br>CDCR #AS-6800,<br><br>                                       Plaintiff,<br><br>            vs.<br><br>CORRECTIONAL OFFICERS RABER,<br>REYES and FERRAT,<br><br>                                       Defendants. | Case No.:  21cv0862-MMA (AGS)<br><br>**ORDER DISMISSING FIRST<br>AMENDED COMPLAINT WITH<br>LEAVE TO AMEND PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)(B) AND<br>1915A(b)** |

On May 3, 2021, Jordan Springs ("Plaintiff"), incarcerated at Calipatria State Prison ("Calipatria") in Calipatria, California, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Doc. No. 1.  Plaintiff alleged that the Warden of Calipatria, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and six Calipatria Correctional Officers violated his First Amendment right to petition the government for redress of grievances, his Fifth Amendment right to due process, his Eighth Amendment right to be free from deliberate indifference to his health and safety, and his Fourteenth Amendment right to equal protection, in connection with an injury caused by his cell door closing on him and the processing of inmate grievances regarding that injury.  *See id.* at 2-10.  Plaintiff did not

1

prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and instead filed a Motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See* Doc. No. 2.

On May 28, 2012, the Court granted Plaintiff leave to proceed in forma pauperis and screened the Complaint pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  *See* Doc. No. 4.  Those statutes provide the Court must *sua sponte* dismiss a prisoner's in forma pauperis complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  The Court dismissed the Complaint with leave to amend after finding there is no independent constitutional right to a particular manner in which a prison grievance system is run, that Plaintiff failed to allege any Defendant acted with a purpose or intent to discriminate against him and failed to set forth factual allegations which plausibly show any Defendant was deliberately indifferent to his health or safety. *See* Doc. No. 4 at 6-11.  Plaintiff was granted leave to amend his Complaint and was notified that any amended complaint must be complete in and of itself without reference to his prior Complaint and that any Defendants or claims not re-alleged would be considered waived.  *Id*. at 13.

Plaintiff has now filed a First Amended Complaint ("FAC").  *See* Doc. No. 5.  He names only three of the original eight Defendants, Calipatria Correctional Officers Raber, Reyes and Ferrat, and alleges they were deliberately indifferent to his health and safety in violation of the Eighth Amendment because he was hit and injured by his cell door operated by Raber, and because Reyes and Ferrat did not summon medical aid.  *Id*. at 3-4.

## I.      Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.      Standard of Review

Because Plaintiff is a prisoner and is proceeding in forma pauperis, the Court must *sua sponte* dismiss the FAC, or any portion of it, which is frivolous, malicious, fails to

state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting that standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

//

### B.    Plaintiff's Allegations

Plaintiff alleges that about 7:00 p.m. on April 30, 2020, while housed at Calipatria, his "cell door opened while he was praying." Doc. No. 5 at 3. He stood at the entrance to his cell and asked Defendant Correctional Officer Raber, the control booth officer, why he had opened the cell door. *Id.* Defendant Raber "shouted out the booth window the Ramadan evening meal had arrived." *Id.* Plaintiff asked Defendant Raber for a minute to get dressed because he had been praying. *Id.* The door closed, and 30 seconds later Defendant Raber opened the cell door a few inches and then slammed it shut. *Id.* "This was done several times." *Id.* Plaintiff approached the door with his hands up in a gesture to Defendant Raber to "give Plaintiff a few seconds." *Id.* Plaintiff "ran back to grab his ID card," then "returned to the doorway holding up his ID and attempting to put his shirt on properly," and "as he stood in the opening, without provocation, Defendant Raber closed the cell door on him." *Id.* The door hit him in the head and he stumbled to the floor in front of his cell. *Id.* As he attempted to get up, Defendant Raber shouted for him to hurry. *Id.* When Plaintiff stood up Defendant Raber shouted "you needed to hurry up!" *Id.* Blood was running down Plaintiff's face and his "head started to pound in pain." *Id.* He claims Defendant Raber's actions were: "Done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution." *Id.* at 4.

"Plaintiff immediately waived to Defendants Correctional Officers Reyes and Ferrat who were seated at the podium laughing and requested medical attention." *Id.* at 3. As blood poured down his face, an inmate porter gave Plaintiff a towel to try to stop the bleeding. *Id.* Defendant Reyes told Plaintiff "he had to walk to medical." *Id.* at 4. Plaintiff told Defendants Reyes and Ferrat he was dizzy and asked if medical could come to him. *Id.* Defendant Reyes told Plaintiff "either you walk to medical or grab your Ramadan meal and go back to your cell." *Id.* Plaintiff then walked to medical about 7:10 p.m. and was treated for "swelling of a hematoma and laceration to the forehead." *Id.* He contends the "Defendants failed to report the incident." *Id.*

Plaintiff claims that: "As a result of Defendant Raber's unjustified misuse of force, Plaintiff now suffers from on-going migraine headaches three or four times a week," which will impact his ability to work after his release from custody, and that he "has been prescribed migraine medication since the incident." *Id.* He claims his "Eighth Amendment right to be protected from misuse of force was violated by Defendant Raber closing him in the cell door, and Defendants Reyes and Ferrat for failing to report the incident." *Id.*

## C. Analysis

### 1. Defendant Raber

Plaintiff seeks to bring an Eighth Amendment claim based on the infliction of his injury by the manner in which Defendant Raber operated the cell door. Plaintiff alleged in his original Complaint that he sought to impose liability on Defendant Raber for grossly negligent operation of the cell door. *See* Doc. No. 1 at 7. Plaintiff was informed in the Court's prior Order of dismissal that neither negligence, gross negligence nor an accident which cause injury is actionable under § 1983 in the prison context. *See* Doc. No. 4 at 9 (citing *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994), *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state an Eighth Amendment claim) and *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (an accident does not constitute deliberate indifference)). Rather, Plaintiff was instructed that:

> "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Doc. No. 4 at 10.

21cv0862-MMA (AGS)

Plaintiff now alleges in the FAC that Defendant Raber's actions in operating the cell door were malicious and sadistic rather than grossly negligent.  *See* Doc. No. 5 at 4. Plaintiff was previously instructed that although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Doc. No. 4 at 4 (quoting *Iqbal*, 556 U.S. at 678). Plaintiff's conclusory statement that Defendant Raber's action in operating the cell door was: "Done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment" is a threadbare conclusory recital of an Eighth Amendment cause of action.  The *facts* alleged in the FAC are that the cell door had been opened and closed several times during the 30-second period between when Plaintiff was told to exit the cell to get his meal and when he was ready to exit, that when he was ready "Plaintiff approached the cell door with his hands up in a gesture to Defendant Raber to give Plaintiff a few seconds" and was hit by the cell door while he stood in the doorway adjusting his shirt, after which Defendant Raber told Plaintiff he was hit by the door because he "needed to hurry up."  Those allegations do not plausibly allege that Defendant Raber knew Plaintiff faced a risk in being hit by the cell door and deliberately disregarded that risk because Plaintiff does not allege Raber knew Plaintiff was standing in the cell doorway when he closed the door, or, for example, that Defendant Raber's statement was a taunt expressed in a manner indicating he purposely closed the door on Plaintiff in response to the delay in exiting the cell rather than an explanation for why he was hit by the cell door.  In other words, there are no facts alleged from which a plausible inference could be drawn that Defendant Raber intentionally closed the cell door on Plaintiff when he knew it was not safe to do so, or that Plaintiff was led to believe by Raber it was safe to exit the cell when Raber knew it was unsafe.

The FAC, as with the original Complaint, at best alleges negligence by Defendant Raber in operating the cell door in a manner which rendered it unsafe for Plaintiff to exit. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.").  There are no factual allegations in the FAC regarding how the

21cv0862-MMA (AGS)

doors are typically operated or required to be operated to allow an inmate to exit safely and that Defendant Raber deliberately violated those safety protocols knowing Plaintiff could be injured, or why Plaintiff was standing in the doorway, whether he was required to stand in the cell doorway awaiting permission to exit, for example, or whether Raber could see Plaintiff standing in the doorway and closed the door anyway.  To cure this pleading defect, Plaintiff must allege facts which plausibly suggest Defendant Raber was "aware of facts from which the inference could be drawn that [Plaintiff faced] a substantial risk of serious harm" and "also drew the inference."  *Farmer*, 511 U.S. at 837.  Even if the FAC passes the "low threshold" for screening purposes with respect to the first half of the standard, the objective prong of an Eighth Amendment claim, in that Plaintiff alleges Defendant Raber operated the cell door in a manner which posed a substantial risk of injury, there are no factual allegations supporting the subjective prong.  There are no factual allegations which plausibly show Defendant Raber, knowing Plaintiff faced a substantial risk of serious harm, deliberately disregarded that risk when he closed the cell door on Plaintiff, as opposed to having negligently operated the cell door.

The Court *sua sponte* dismisses Plaintiff's Eighth Amendment claim against Defendant Raber for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## 2.  Defendants Reyes and Ferrat

Plaintiff seeks to bring an Eighth Amendment claim for the denial or delay in medical care arising from Defendants Reyes and Ferrat laughing at his injury and failing to summon medical help.  Plaintiff was instructed in the Court's prior Order of dismissal that "[i]n order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'"  *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle*, 429 U.S. at 104).  "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison

21cv0862-MMA (AGS)

physicians provide medical care.'" *Id*. (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff alleges Defendants Reyes and Ferrat laughed when they saw the cell door hit him, and in response to his request to them to summon medical aid they told him to "walk to medical" or pick up his meal and return to his cell. *See* Doc. No. 5 at 4. The Court noted in its prior Order of dismissal there were no allegations in the original Complaint which plausibly suggest these Defendants knew of and deliberately disregarded Plaintiff's serious medical needs in requiring him to walk to the medical station to obtain medical care. *See* Doc. No. 4 at 10. Plaintiff was informed that actions by prison guards which intentionally deny or delay medical care may constitute the "unnecessary and wanton infliction of pain" where those actions evince a deliberate indifference to the need for medical treatment. *Id*. at 9-10 (quoting *Estelle*, 429 U.S. at 104-05). However, guards who know of a substantial risk to an inmate's health but respond reasonably to that risk are not deliberately indifferent. *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010). Plaintiff once again fails to allege that by requiring him to walk to the medical station for treatment of his head injury rather than summoning medical aid, Defendants Reyes and Ferrat deliberately disregarded a substantial risk to his health. For example, Plaintiff does not allege any facts regarding what difficulties if any he faced walking to the medical aid station or that it worsened his condition. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) (holding that where a claim is based on delay in providing medical treatment a prisoner has no claim for deliberate indifference unless the delay was harmful), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Accordingly, the Court *sua sponte* dismisses Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Reyes and Ferrat for failure to state a

21cv0862-MMA (AGS)

claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### D.   Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants him one final opportunity to amend to attempt to sufficiently allege a § 1983 claim if he can.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## II.   Conclusion and Orders

Based on the foregoing, the Court:

1.   **DISMISSES** Plaintiff's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted.  Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived.  *See* CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

//

21cv0862-MMA (AGS)

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

DATE: July 29, 2021

HON. MICHAEL M. ANELLO
United States District Judge

21cv0862-MMA (AGS)