UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN SPRINGS, CDCR #AS-6800,<br><br>       Plaintiff,<br><br>vs.<br><br>CORRECTIONAL OFFICER RABER,<br><br>       Defendant. | Case No.: 21-cv-0862-MMA (AGS)<br><br>**ORDER DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE OF THE SECOND AMENDED COMPLAINT ON DEFENDANT RABER** |

  On May 3, 2021, Plaintiff Jordan Springs ("Plaintiff"), a state prisoner incarcerated at Calipatria State Prison ("Calipatria") in Calipatria, California, filed this civil rights action under 42 U.S.C. § 1983. Doc. No. 1. Plaintiff claimed that the Warden of Calipatria, the Secretary of the California Department of Corrections and Rehabilitation, and six Calipatria Correctional Officers violated his First Amendment right to petition the government for redress of grievances, his Fifth Amendment right to due process, his Eighth Amendment right to be free from deliberate indifference to his health and safety, and his Fourteenth Amendment right to equal protection, in connection to an injury

caused by his cell door closing on him and the processing of inmate grievances regarding that injury. Doc. No. 1 at 2–10.

On May 28, 2021, the Court granted Plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Doc. No. 4. The Court dismissed the Complaint with leave to amend after finding there is no independent constitutional right to a particular manner in which a prison grievance system is run, that Plaintiff failed to allege any Defendant acted with a purpose or intent to discriminate against him, and that Plaintiff failed to set forth factual allegations that plausibly show any Defendant was deliberately indifferent to his health or safety. Doc. No. 4 at 6–11. Plaintiff was granted leave to amend his Complaint and notified that any amended complaint must be complete in and of itself without reference to his prior Complaint and that any Defendants or claims not re-alleged would be considered waived. *Id*. at 13.

Plaintiff thereafter filed a First Amended Complaint ("FAC"). Doc. No. 5. He named only three of the original eight Defendants, Calipatria Correctional Officers Raber, Reyes and Ferrat, and alleged they were deliberately indifferent to his health and safety in violation of the Eighth Amendment because he was hit and injured by his cell door operated by Raber, and because Reyes and Ferrat did not summon medical aid. *Id*. at 3–4. On July 29, 2021, the Court screened the FAC and dismissed it with leave to amend after finding the allegations therein merely alleged negligence by Defendant Raber in operating the cell door and did not adequately allege deliberate indifference to his medical needs by any Defendant. Doc. No. 6 at 5–9. Plaintiff has now filed a Second Amended Complaint ("SAC") in which he names Defendant Raber as the sole Defendant. Doc. No. 7.

I.  Screening Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

   A.  Standard of Review

Because Petitioner is a prisoner and proceeding in forma pauperis, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

Under these statutes, the Court must sua sponte dismiss a prisoner's in forma pauperis complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Plaintiff's Allegations

Plaintiff alleges that on April 30, 2020, he was in his cell praying when his cell door opened. Doc. No. 7 at 3. He stood at the entrance to his cell and asked Defendant Correctional Officer Raber, the control booth officer, why he had opened the cell door. *Id*. Defendant Raber "shouted out the booth window the Ramadan evening meal had arrived." *Id*. Plaintiff asked Defendant Raber for a minute to get dressed because he had been praying. *Id*. The door closed, and 30 seconds later Defendant Raber opened the cell door a few inches and then slammed it shut. *Id*. "This was done several times." *Id*. Plaintiff approached the door with his hands up in a gesture to Defendant Raber to "give Plaintiff a few seconds." *Id*. Plaintiff "ran back to grab his ID card then held it up to signal he was ready. Defendant Raber opened the cell door. Plaintiff stood at the opening and began adjusting his shirt as Defendant Raber watched on waiting." *Id*. "As Plaintiff was standing in the opening, without announcing [a] 'the doors are closing' warning, Defendant Raber closed the cell door on Plaintiff. The door hit plaintiff in the

head and he stumbled to the floor in front of his cell." *Id.* "As Plaintiff stood, Defendant Raber shouted 'you needed to hurry up.' Plaintiff then realized blood was running down his face and his hand." *Id.* Plaintiff claims Defendant Raber closed the door on him maliciously and sadistically without provocation, which constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 4.

### C. Analysis

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

"[A] prison official violates the [Cruel and Unusual Punishments Clause of the] Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' . . . [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety." *Id.* at 837. He "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.")

The factual allegations in the SAC are sufficient to survive screening with respect to an Eighth Amendment claim because they allege Defendant Raber knew of and

deliberately disregarded a serious risk to Plaintiff's safety when he closed the cell door without warning while aware Plaintiff was in the doorway, which resulted in Plaintiff's injury. *See Farmer,* 511 U.S. at 834–37. The Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state a claim for relief against Defendant Raber that is "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes*, 408 F.3d at 567–68. The Court will direct the U.S. Marshal to effect service of summons and Plaintiff's SAC upon Defendant Raber on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in in forma pauperis cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.  Conclusion and Orders**

Good cause appearing, the Court:

1. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Second Amended Complaint (Doc. No. 7) for the sole Defendant named in the SAC, Defendant Correctional Officer Raber, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Raber. In addition, the Clerk will provide Plaintiff with certified copies of the May 28, 2021 Order granting him in forma pauperis status (Doc. No. 5), his Second Amended Complaint (Doc. No. 7), and the summons so that he may serve Defendant Raber. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return them to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

2. **ORDERS** the U.S. Marshal to serve a copy of the Second Amended Complaint and summons upon Defendant Raber as directed by Plaintiff on the USM

Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendant Raber, once he has been served, to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (although Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), Defendants are required to respond).

4. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court that has not been properly filed with the Clerk or that fails to include a Certificate of Service upon the Defendant, or his counsel, may be disregarded.

**IT IS SO ORDERED**.

DATE: September 10, 2021

HON. MICHAEL M. ANELLO
United States District Judge