UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jordan SPRINGS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RABER,<br><br>　　　　　　　　　Defendant. | Case No.: 21-cv-0862-MMA-AGS<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL (ECF 16)** |

 Plaintiff Jordan Springs, a state prisoner proceeding pro se, requests appointed counsel because he "is unable to afford counsel," and he believes "the issues involved in the case are complex and will require significant research and investigation." (ECF 15, at 1-2.)

 "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Even under the statutory authority to recruit counsel in civil cases, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that the relevant statute—28 U.S.C. § 1915—"does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of

the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

Despite Springs's assertion that his case involves complex legal issues, the case appears to be relatively straightforward. He alleges a single claim against a single defendant: that correctional officer Raber closed the cell door on him "maliciously and sadistically without provocation, which constituted cruel and unusual punishment in violation of the Eighth Amendment." (ECF 7, at 4); *see also Price v. Kramer*, 993 F. Supp. 1295, 1298 (C.D. Cal. 1997) ("With rare exceptions, excessive force cases are simple, rather than complex cases. Excessive force cases almost always involve very few events which happened over a very short time span. There tend to be relatively few witnesses, and the dispositive disputes almost always involve the credibility of witnesses." (emphasis omitted)).

And Springs appears capable of articulating his case. He has twice amended his complaint, sufficiently resolving issues identified by the Court to allow his claim to go forward. (*See* ECF 5; ECF 7.) His second amended complaint is detailed and well-written (*see generally* ECF 7), and he has submitted extensive records covering his efforts to exhaust administrative remedies (*see generally* ECF 13).

Thus, Springs has not shown exceptional circumstances justifying appointment of counsel. The motion to appoint counsel is **DENIED** without prejudice.

Dated:  December 17, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge